IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 APR -3  AM 10: 30

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

Charles and Mary Jane Macgill           *

319 Gun Road

Halethorpe, Maryland 21227              *
*(Full name and address of the plaintiff)*
**Plaintiff(s)**

        vs.                             *       Civil No.: _GLR 15-961_____
                                                             *(Leave blank. To be filled in by Court.)*

Baltimore County &  The Department of Public Works

County Office Building                                    **COMPLAINT WITH**
                                                          **JURY DEMAND**
111 W. Chesapeake Avenue Suite 307      *

Towson, MD 21204
*(Full name and address of the defendant(s))*
**Defendant(s)**                        *
                                      ******

## COMPLAINT

1.    Jurisdiction in this case is based on:

       ☐   Diversity (none of the defendants are residents of the state where plaintiff is a resident)

       ☒   Federal question (suit is based upon a federal statute or provision of the United States Constitution)

       ☐   Other (explain) _____

   _____

   _____

Complaint (Rev. 12/2000)                  1

2. The facts of this case are:

   **See Attached:**

**JURISDICTION AND VENUE** Plaintiffs[1] bring this action against Baltimore County for a grievance of corruption taken by punitive actions by both the Administrative Court process of Baltimore County and the Baltimore County Department of Public Works for an alleged septic violation. A contrived situation was created against the Plaintiffs by using a code violation for polluting a stream and punitive fines to enforce a court order that obstructed the Plaintiffs from connecting to a public sewer system to resolve the code violation.[2] In this Baltimore County Administrative Court[3] process, from the Administrative Hearing, to the Appeals Court Hearing and then at Circuit Court the Plaintiffs can show violations of Federal Constitutional rights, disregard for protection under U. S. C. laws and C. F. R. laws, Maryland State Constitutional Rights, COMAR and disregard for Baltimore County Code (COBAR) and its regulations. Following, are the laws and regulations misused or violated within Baltimore County's Department of Public Works and throughout the legal hearing process in Baltimore County for **Case Number CBA -13-018.**

---

[1] **PLAINTIFF BACKGROUND** - Plaintiffs are Charles and Mary Jane Macgill, they reside at 319 Gun Rd., Baltimore County, Maryland. Mr. Macgill has been a resident in Baltimore County since 1947 except for 26 years of intermittent deployment with the United States Navy and Mrs. Macgill has been living in the County since 1959. In 1966 they purchase and 86 year old property with no disclaimers or septic inspections; then, exhausted immense time, effort and expense over 47 years to restore it. The property is known historically as the Berger house and is on the Maryland list of historic properties. The main house on the property is now 133 years old as indicated on their tax record. For over 60 years they have paid Federal, State, and local income taxes and property taxes for 49 years at their residence.

[2] **THE CODE VIOLATION** – This citation evolves from what appeared to be a simple road repair at the Plaintiffs property from a collapsed portion of storm water pipe; but, the collapsed portion of the storm water pipe turned out to be a part of a combined Storm water Septic System (a.k.a. CSS) functioning to service our neighbor and 2 current residential buildings on the property. The Baltimore County road crew mistakenly entered Plaintiffs property and labeled the septic vault as a road storm drain; then, to repair the broken portion of the storm pipe under the road, the road repair crew ran a pipe from the combined septic/storm water vault to a stream across the street. Because the supervisor of the road repair crew saw some septic in the combined vault he reported it to Baltimore County's Department of Public Works, EPA section. Since a standard septic system could not be used to separate the septic system from storm water portion of the system, Baltimore County recommended 2 options to address the issue - one being to install holding tanks or install what the County considered the best solution a mini experimental waste water treatment system known as a DRIP system. The size of the combined living quarters on the property required a solution that had to address a large quantity of waste water. It was determined that the expense would be enormous for either solution. Plaintiff's reminded County official that the property was in the proximity of a sewer line they were going to apply for sewerage. Plaintiffs did this through Baltimore County's official procedure; however, as soon as this process was initiated Baltimore County issued the citation for a code violation with a $27,500 fine. Denial of sewerage by the Defendant caused the Plaintiffs severe emotional distress and excessive monetary loss of more than $70,000 to install the experimental system; even, though Plaintiffs are only 500+/- feet from the Patapsco Interceptor a **major public sewer facility.** This action by Baltimore County was discriminatory and introduced multiple violations of Federal Constitutional law.

[3] **ADMINISTRATIVE HEARING PROCESS** – Present at the Administrative Hearing was the Administrative Judge, Mr. Macgill (Pro Se), 2 representatives from Baltimore County one from their EPA section and the other from the Ground Water Management section. Mr. Macgill began building evidence to prove that to their knowledge Plaintiffs were never polluting the stream. It was the Plaintiffs belief that by entering information from a **booklet of evidence** that they could show by sight or smell they were not responsible for polluting the stream at any time during the 47 years that they had lived in their house. In the <u>Appeals Hearing</u> Mr. Macgill requested that the hearing be remanded back to the Administrative Court so that his evidence could properly be adjudicated. This was denied by the Appeal Judges. In the <u>Circuit Court</u> Mr. Macgill requested a jury trial. Without any notification from the court concerning the request for a jury no attempt was made to provide one, in fact the only response provided by the court was a meeting in the Judge's chamber to discuss the amount of fines that would be imposed on the Plaintiff's property.

1

## A. BALTIMORE COUNTY DEPARTMENT OF PUBLIC WORKS VIOLATIONS

1. United States Constitution - 14th Amendment; Equal Protection

   a. Equal Protection of health, welfare and the environment to Plaintiff's family and the Community of Gun Road under the following water laws:
   - i. PL 80-845, 1948, Water Pollution Control Act
   - ii. PL 84-660, 1961, Amended Federal Water Pollution Control Act
   - iii. PL 89-234, 1965, Water Quality Act
   - iv. PL 89-753, 1966, Clean Water Restoration Act
   - v. PL 91-190, 1969, National Environmental Policy
   - vi. PL 91-224, 1970, Water Quality Improvement Act
   - vii. PL 92-500, 1972, Federal Water Pollution Control Amendments
   - viii. PL 95-217, 1977, Amendments to the Clean water
   - ix. PL 100-4, 1987, Water Quality Act

   b. Due process of law

   - i. Civil Contempt of Court

   - ii. Obstruction of Justice

     -Fraud by withholding documents requested by Plaintiffs in the Administrative Court

   - iii. Failure to produce water sample document for cross-examination in the Administrative Court and in violation of:

     - COBAR, Article 20 Metropolitan District; Title 5 Waste Water Regulations; or, §20-5-102; Definitions -Standard Methods

2. United States Constitution – Bill of Rights Eight Amendment; Excessive Fines

   a. Baltimore County by withholding evidence by use of excessive fines as extortion

3. United States Constitution – Fifth Amendment, Bill of Rights;

   a. Taking Property without just Compensation

4. 42 U. S. C. 6101 et seq. Age Discrimination, HUD Regulations at 24 CFR Part 146

   a. Excluding individuals from denying them the benefits subjecting them to discrimination under, a program or activity receiving Federal financial assistance; or

   b. Denying or limiting individuals their opportunity to participate in **any** program or activity receiving Federal financial assistance.

   i. Failure to allow Plaintiffs to participate in the following Baltimore County laws by withholding evidence at the Administrative Hearing on their application for sewerage as follows:

2

- COBAR, Article 20 Metropolitan District; Title 1, §20-1-119,

Extension of System When Not Self Supporting

- COBAR, Article 20 Metropolitan District; Title 2, §20-2-108,

Right of Owner to Select Person to Make Connection

-COBAR, Article 20, Metropolitan District; Title 3, §20-3-216,

Connection by Owners not Abutting on System

ii. Failure of the Department of Environmental Protection and Resource Management to protect Plaintiffs **health** and welfare under the following laws:

- COBAR, Article 20 Metropolitan District; Title 2, §20-2-102,

When Connection to Sewerage System not Compelled

- COBAR, Article 20 Metropolitan District; Title 3, §20-3-218(a), (b), (c)

Assessment When Extension not Financially Self-supporting; Deficit Charges; Referral of Charges (Also see item 1 above. United States Constitution - 14th Amendment; Equal Protection)

iii. Failure of the Department of Public Works Director to identify Plaintiffs property classification restricting his options for sewerage

- COBAR, Article 20, Metropolitan District; Title 3, §20-3-101;

Classification of Property for Assessments of Benefits for Water and Sewer Installations

- COBAR, Article 20, Metropolitan District; Title 3, Subtitle 2,

Authorize Changes and Assessments §20-3-201; Remote Property Extensions

iv. Baltimore County work crew destroys functionality of the Plaintiff's septic system

- COMAR, Article 20, Metropolitan District; Title 1, §20-1-111;

Right of Entry of County Employee (b)

3

5. Maryland Constitution, Declaration of Rights,

   a. Article 19, injury to person or property

   b. Article 25, excessive fines

6. COMAR – Violations of Title 26, Environmental;

   a. 26.03.08.01, Scope

      i. Grants and Loans for Water Quality Improvement

   b. 26.03.01.08, Individual Water Supply and Sewerage Systems

      i. Individual sewerage system not permitted where adequate community sewerage is available

   c. 26.04.02.02(B), (N), (O), (R); General Provisions

      i. Baltimore County violations for the installation of a septic system

   d. 26.0402.03(B), (C), (D), (E), (F(4)); On – Site Sewerage Disposal Permits

      i. Baltimore County violations for the installation of a septic system

   e. 26.04.02.04 (J); Site Evaluation

      i. Baltimore County serious violations for the installation of a septic system

   f. 26.04.02.05; (5, c, e) Design and Construction of Conventional on Site Sewerage Disposal System

6. COBAR – Article 3, Title 7, Regulations, Subtitle 2, § 3-7-206

   a. Failure to disseminate information properly

## B. ADMINISTRATIVE COURT VIOLATIONS

1. United States Constitution – Fifth Amendment, Bill of Rights;

   a. Right to a fair trial

      i. Plaintiffs denied entry of evidence in defense of citation

4

2. Maryland Constitution, Declaration of Rights,

    a. Article 20, trial of facts

        i. Plaintiffs denied entry of evidence in defense of citation

3. COBAR – Plaintiffs falsely accused of a civil crime by the following laws:

    a. Title 1; General Nuisances on Private Property and Public Roads

        i. Article 13, Public Health Safety and the Environment

            - §13-7-101, "Owner" Defined

            - §13-7-112, General Prohibitions

    b. Title 3; Sewage Disposal,

        i. Article 34, Water and Sewerage

            - § 34-3-104; overflow of sewage

## C. APPEALS COURT VIOLATIONS

1. Maryland Constitution, Declaration of Rights,

    a. Article 20, trial of facts

        i. Administrative Court record sealed – a direct violation of COBAR, Article 20

        Metropolitan District; Title 5, §20-5-128, Appeals

## D. CIRCUIT COURT VIOLATIONS

1. United States Constitution - Sixth Amendment; The Right to a Trial by Jury

2. Maryland Constitution, Declaration of Rights;

    a. Article 20, trial of facts

    b. Article 23, right of jury trial

    c. Article 25, excessive fines

## PARTIES

1. Venue is appropriate in this judicial district under 28 U. S. C. §1391(b) because the offense that gave rise to this complaint occurred in this district.

5

2. Plaintiffs are citizens of the United States and reside in the County of Baltimore, State of Maryland, which is in this judicial district.

3. Defendant Baltimore County is sued in its official capacity to render equal delivery of municipal services of water and sewer to its citizens, which is a fundamental right to protect their **health, welfare and the ecology** without discriminating.

    a. Plaintiffs sustained an absolute deprivation of a meaningful opportunity to obtain sewerage because of the following:

        i. Plaintiffs could never enter evidence to prove that the County built the combined storm water septic system (CSS); which would mean the County condoned it; therefore, they would be required to fix it by providing sewerage

        ii. Baltimore County is found guilty of ignoring and improperly using the laws of the United States, Maryland State and Baltimore County to prevent Plaintiffs from acquiring sewerage

    b. Therefore, Plaintiffs request that this Court enter judgment against Baltimore County providing the following relief:

        - -$2,000,000 compensation for the following reasons

> (1) the systems is **not working and it cannot pass a septic inspection as is;** therefore, until Plaintiffs get sewerage which is a permanent fix they cannot sell the property and retire to a location of their choice
> (2) 4 years of mental aggravation (critical lost time for seniors in their Late 70s who were upgrading the property for sale)
> (3) lost of earnings from Plaintiff's real estate business
> (4) loss of rental income
> (5) loss of investment monies
> (6) prior lawyer's fees, new lawyer's fees going forward
> (7) system installation - designer fees, engineering fees

6

3. The relief I want the court to order is:

☒ Damages in the amount of: $2,000,000 _____

☐ An injunction ordering: _____

_____

☐ Other (explain) _____

_____

4/2/15
(Date)

*Charles G. Macgill*
(Signature)
*Mary Jane Macgill*

Charles + Mary Jane Macgill

319 Gun Road

Halethorpe, MD 21227
(Printed name, address and phone number of Plaintiff)  410-458-5211

**Privacy Rules and Judicial Conference Privacy Policy**

Under the E-Government Act and Judicial Conference policy, any paper filed with the court should not contain an individual's social security number, full birth date, or home address; the full name of person known to be a minor; or a complete financial account number. These rules address the privacy concerns resulting from public access to electronic case files.