```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

CHARLES MACGILL, et al.,          :

    Plaintiffs,               :

v.                                :     Civil Action No. GLR-15-961

BALTIMORE COUNTY, et al.,         :

    Defendants.               :

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant's, Baltimore County,[1] Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 12). Plaintiffs, Charles G. Macgill and Mary Jane Macgill, bring this action regarding Baltimore County's refusal to provide them with access to the public sewer system, alleging violations of the United States and Maryland State Constitutions, the Age Discrimination Act of 1975, 42 U.S.C. § 6101 (2012), and the Maryland and Baltimore County Codes.[2] (ECF No. 1). The Motion is ripe for disposition. Having considered the Motion and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md.

---

    [1] The Motion to Dismiss is also filed by the Baltimore County Department of Environmental Protection and Sustainability ("DEPS"), though it is not a named party and has not intervened in this case. The Baltimore County Department of Public Works ("DPW") is actually one of the defendants in this matter.

    [2] Plaintiffs also allege claims for violation of their rights under the United States and Maryland State Constitutions against the Office of Administrative Hearings for Baltimore County, the Board of Appeals for Baltimore County, and the Circuit Court for Baltimore County. The Court will direct the Clerk to amend the case caption.

2014).  For the reasons set forth below, the Court will grant Baltimore County's Motion.

## I.  BACKGROUND[3]

Plaintiffs own the Berger House, which is approximately 133 years old, located at 319 Gun Road, Baltimore County, Maryland. In March 2012, DPW, in the process of repairing a collapsed portion of a storm water pipe near the Berger House, discovered a pipe running from the Berger House to the storm drain.  The pipe was expelling waste from the Berger House into the storm drain and an adjacent stream.  Shortly thereafter, DEPS was notified. On April 5, 2012, DEPS conducted an inspection and confirmed that the waste was being discharged from the Berger House to the storm drain.  On April 27, 2012, DEPS sent a correspondence to Plaintiffs informing them that their sewage pipe violated several county ordinances and ordering them to eliminate the violations.  The letter also outlined affirmative steps Plaintiffs could take to remedy the situation.

On May 19, 2012, DEPS performed another site inspection. The inspection determined that a drip dispersal system with advanced sewage pre-treatment was needed to eliminate the violations.  Plaintiffs instead requested to be connected to the public sewage system.  On August 3, 2012, DEPS informed

---

[3] Unless otherwise noted, the following facts are taken from the parties' briefings on the instant Motion, and are viewed in the light most favorable to the nonmoving party.

Plaintiffs that connection to the public sewage system required community authorization and the resolution of other issues. Further, the process would take two to three years, and Plaintiffs would be required to install temporary septic holding tanks and remove their illegal sewage pipe. DEPS set a September 5, 2012 deadline for Plaintiffs to install the drip dispersal system or temporary holding tanks. On September 5, 2012, a DEPS inspection revealed the Berger House continued to illegally expel waste. Plaintiffs informed DEPS they would not install the temporary sewage tanks or the drip dispersal system. DEPS subsequently issued Plaintiffs a citation for violating county ordinances and proposed civil monetary penalties.

On October 5, 2012, Mr. Macgill and representatives of DEPS appeared before the Office of Administrative Hearings for Baltimore County for a hearing regarding the citation. On December 11, 2012, the administrative judge issued a written opinion imposing a $29,700 penalty. The judge suspended the penalty for sixty days and ordered Plaintiffs to either install the drip dispersal system or install the temporary tanks and apply for connection to the public sewage system. Mr. Macgill appealed the administrative judge's order to the Board of Appeals for Baltimore County. The Board held a hearing and issued a written opinion and order on April 30, 2013, affirming the administrative judge's decision.

On May 23, 2013, Mr. Macgill filed a petition for judicial review in the Circuit Court for Baltimore County, Maryland. On March 3, 2014, the court held a hearing and the parties reached a settlement regarding the penalty. The court issued an order stating that the administrative appeal was voluntarily dismissed with prejudice and Mr. Macgill was required to pay Baltimore County $12,500 within 30 days.

On April 3, 2015, Plaintiffs filed a Complaint in this Court alleging violations of the United States and Maryland State Constitutions, the Age Discrimination Act of 1975, and the Maryland and Baltimore County Codes. (ECF No. 1). Plaintiffs invoke this Court's federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 (2012), respectively. Baltimore County and DEPS filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on August 4, 2015. (ECF No. 12). Mr. Macgill filed a Motion to Squash Defendants Request for Dismissal and/or Summary Judgment on August 21, 2015.[4] (ECF No. 14).

## II.   DISCUSSION

**A. <u>Standard of Review</u>**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

---

[4] The Court will construe Plaintiffs' Motion as an opposition to Baltimore County's Motion.

4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

"When 'matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.'" Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)).  Under Federal Rule of Civil Procedure 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. Here, because the Court will consider matters outside of the pleading, the Motion to Dismiss will be construed as one for summary judgment.

**B. Analysis**

**1. Subject-Matter Jurisdiction**

Plaintiffs attempt to bring claims against the Office of Administrative Hearings for Baltimore County, the Board of Appeals for Baltimore County, and the Circuit Court for Baltimore County for violations of their rights under the U.S. Constitution. "Parties aggrieved by state administrative and judicial decisions must pursue review in state appellate tribunals, with the ultimate opportunity to petition the Supreme Court of the United States for review." Rousseau v. Howard Cty., Md., 425 F.App'x 193, 195 (4th Cir. 2011).

This Court "lack[s] jurisdiction to sit as [an] appellate tribunal[] over state administrative and judicial decisionmakers, absent explicit statutory authorization." Id.; see D.C. Circuit Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that lower federal courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Plaintiffs have not presented any statutory authorization providing this Court with jurisdiction over their claims regarding the previous

administrative and judicial proceedings in Baltimore County. The Court will, therefore, dismiss Plaintiffs' federal claims against the Office of Administrative Hearings for Baltimore County, the Board of Appeals for Baltimore County, and the Circuit Court for Baltimore County.

**2. Res Judicata**

Baltimore County argues Plaintiffs' claims regarding the monetary penalty are barred by the doctrine of res judicata. Res judicata "bars a party from relitigating a claim that was decided or <u>could have been decided</u> in an original suit." <u>Laurel Sand & Gravel, Inc. v. Wilson</u>, 519 F.3d 156, 161 (4th Cir. 2008)(emphasis added) (citing <u>Pueschel v. United States</u>, 369 F.3d 345, 355 (4th Cir. 2004)); <u>accord</u> <u>Alvey v. Alvey</u>, 171 A.2d 92, 94 (Md. 1961). "[R]es judicata has three elements: (1) the parties in the present litigation should be the same or in privity with the parties to the earlier case; (2) the second suit must present the same cause of action or claim as the first; and (3) in the first suit, there must have been a valid final judgment on the merits by a court of competent jurisdiction." <u>deLeon v. Slear</u>, 616 A.2d 380, 385 (Md. 1992) (citing <u>Rowland v. Harrison</u>, 577 A.2d 51, 54 (Md. 1990)).

Baltimore County and DEPS imposed an initial civil penalty of $29,700. Mr. Macgill sought administrative review of the penalty and both the Office of Administrative Hearings for

Baltimore County and the Board of Appeals for Baltimore County upheld the penalty. Mr. Macgill then sought judicial review before the Circuit Court for Baltimore County, where he ultimately entered into a settlement with DEPS and Baltimore County for a penalty amount of $12,500 and the matter was dismissed with prejudice. Plaintiffs now attempt to allege Baltimore County and DPW violated their Eighth Amendment right against excessive fines by imposing the monetary penalty.

First, Plaintiffs have failed to demonstrate that DPW violated their Eighth Amendment rights because the evidence shows that DPW did not impose the civil penalty. The remaining parties as to the Eighth Amendment claim in the present litigation—Mr. Macgill and Baltimore County—are the same as the parties in the previous litigation. Also, Mrs. Macgill is in privity with Mr. Macgill as the co-owner of the Berger House. Second, this suit presents a claim that <u>could have been</u> brought in the previous litigation. Lastly, "[i]t is well established that dismissals with prejudice—including those resulting from settlement agreements or consent decrees—are treated as final judgments on the merits for purposes of res judicata." <u>Jacobs v. Venali, Inc.</u>, 596 F.Supp.2d 906, 914 (D.Md. 2009). The Court, therefore, finds Plaintiffs' Eighth Amendment claim is barred. Accordingly, the Court will grant Baltimore County's Motion as to this claim.

### 3. Remaining Claims under the U.S. Constitution

Baltimore County argues that the departments within Baltimore County are not legal entities capable of being sued. Construing the Complaint liberally, Plaintiffs appear to bring claims for violations of their constitutional rights under 42 U.S.C. § 1983 (2012) against Baltimore County and DPW. Section 1983 provides, in pertinent part: "Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Municipalities and their entities are considered persons under § 1983 and may be sued for damages for constitutional deprivations. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978).

First, Plaintiffs appear to bring a claim against Baltimore County and DPW under the Takings Clause of the Fifth Amendment to the United States Constitution for DPW's refusal to provide them with access to sewer service. The Takings Clause, made applicable to the states through the Fourteenth Amendment, provides: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V. "To make a successful claim under the Takings Clause, a plaintiff must

establish that it possesses a constitutionally protected property interest before the court will examine whether governmental use or regulation of that property constitutes a taking." Frall Developers, Inc. v. Bd. of Cty. Comm'rs for Frederick Cty., No. CCB-07-2731, 2008 WL 4533910, at *8 (D.Md. Sept. 30, 2008) (citing Washlefske v. Winston, 234 F.3d 179, 184–86 (4th Cir. 2000)).

Plaintiffs have not demonstrated that access to sewer service is a constitutionally protected property interest. See Front Royal & Warren Cty. Indus. Park Corp. v. Town of Front Royal, Va., 135 F.3d 275, 286 (4th Cir. 1998); Neifert v. Dep't of Env't, 910 A.2d 1100, 1121 (Md. 2006) ("Appellants' takings claim fails also because they have not demonstrated that access to sewer service is an interest that qualifies for protection as 'property' under the United States or Maryland Constitution."). Further, Plaintiffs were informed of the requirements for receiving access to public sewerage, but Plaintiffs refused to adhere to the prerequisites. The Court, therefore, finds Plaintiffs have failed to demonstrate a claim under the Takings Clause.

Second, Plaintiffs attempt to allege Baltimore County and DPW violated their procedural due process rights under the Fourteenth Amendment. Specifically, Plaintiffs allege DPW withheld documents from them during the hearings before the

11

Office of Administrative Hearings for Baltimore County and the Board of Appeals for Baltimore County.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. XIV, § 1.  To state a valid procedural due process claim, Plaintiffs must demonstrate: (1) that they had a property interest; (2) of which Baltimore County and DPW deprived them; (3) without due process of law.  Sylvia Dev. Corp. v. Calvert Cty., Md., 48 F.3d 810, 826 (4th Cir. 1995).

Whether Plaintiffs were deprived of a property interest without due process depends on whether they had a property right to access to public sewerage.  See Linton v. Frederick Cty. Bd. of Cty. Comm'rs, 964 F.2d 1436, 1438 (4th Cir. 1992) ("The Fourteenth Amendment does not itself create property rights but rather affords a protection to them. Property rights are determined from sources independent of the Constitution, such as, in this case, state law.").  As previously stated, Plaintiffs have not demonstrated that access to public sewerage is a constitutionally protected property interest.  The Court, therefore, finds Plaintiffs have failed to demonstrate a claim for violation of their due process rights.[5]

---

[5] If Plaintiffs intended to demonstrate a substantive due process claim, such a claim would similarly fail because they have not demonstrated a constitutionally protected property

Lastly, Plaintiffs attempt to allege Baltimore County and DPW violated their equal protection rights under the Fourteenth Amendment.  The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  The Clause "limits <u>all</u> state action, prohibiting any state from denying a person equal protection through the enactment, administration, or enforcement of its laws and regulations."  <u>Sylvia Dev. Corp.</u>, 48 F.3d at 818. Plaintiffs do not appear to be alleging that Baltimore County or DPW has denied them equal protection through the enactment of any County ordinance or regulation.  Instead, Plaintiffs appear to allege Baltimore County and DPW denied them equal protection by allegedly violating federal law and the Baltimore County Code.  Such allegations do not present a claim under the Equal

---

interest.  <u>Front Royal</u>, 135 F.3d at 288  (citing <u>Sylvia Dev. Corp.</u>, 48 F.3d at 827) (stating the first element of a substantive due process claim requires the claimant to establish possession of a property interest).
    Even assuming Plaintiffs had a property interest in access to public sewerage, Baltimore County did not deprive them of their property interest without due process.  Plaintiffs were given ample opportunity to avoid a citation from the County and obtain access to public sewerage.  They participated in extensive administrative proceedings regarding the citation and the requirements for receiving public sewerage before deciding to voluntarily settle their dispute in the state trial court. Though Plaintiffs may not have received the outcome they had hoped for, "procedural due process does not require certain results—it requires only fair and adequate procedural protections."  <u>Tri Cty. Paving, Inc. v. Ashe Cty.</u>, 281 F.3d 430, 436 (4th Cir. 2002).

Protection Clause. Plaintiffs would instead be required to prove Baltimore County and DPW violated the various federal statutes. Plaintiffs, however, have made negligible and conclusory allegations with little to no detail regarding any violations of the federal statutes cited in their Complaint. The Court, therefore, finds Plaintiffs' have failed to demonstrate an equal protection claim. Accordingly, the Court will grant Baltimore County's Motion as to Plaintiffs' constitutional claims.

### 4. Age Discrimination

Plaintiffs attempt to allege a claim against Baltimore County and DPW for discrimination in violation of the Age Discrimination Act, 42 U.S.C. §§ 6101 et seq. (2012), which prohibits discrimination on the basis of age in programs receiving federal financial assistance. Plaintiffs allege Baltimore County and DPW prohibited them from accessing sewerage, but fail to demonstrate the alleged prohibition was due to their age. Further, the undisputed evidence shows Plaintiffs were given an opportunity to receive access to public sewerage, but they refused to adhere to the prerequisites for receiving the service. The Court, therefore, finds Plaintiffs have failed to demonstrate a claim for age discrimination. Accordingly, the Court will grant Baltimore County's Motion as to this claim.

**5. State Law Claims**

Plaintiffs allege claims for violations of the Maryland State Constitution, the Maryland Code, and the Baltimore County Code. Because Plaintiffs originally filed this case under the auspices of a federal question, the dismissal of Plaintiffs' federal claims divests the Court of original jurisdiction over this matter. The Court, in its discretion, elects not to exercise supplemental jurisdiction over the remaining state law claims and, therefore, will dismiss the Complaint in its entirety. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction . . . .").

### III.   CONCLUSION

For the foregoing reasons, the Court will GRANT Baltimore County's Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 12). Plaintiffs' Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk will be directed to CLOSE this case. A separate Order follows.

Entered this 17th day of February, 2016

                                         /s/
                                _____
                                George L. Russell, III
                                United States District Judge